The BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, Oklahoma, et al., Plaintiffs in Error,

v.

OKLAHOMA CITY, a municipal corporation, Defendant in Error.

No. 42805.

Supreme Court of Oklahoma.

May 4, 1971.

Curtis P. Harris, Dist. Atty., by Jack A. Swidensky, Asst. Dist. Atty., George J. Fagin and Andrew J. Haswell, Jr., by George J. Fagin, Oklahoma City, Barefoot, Moler, Bohanon & Barth, by Edward H. Moler, Oklahoma City, Cantrell, Douglass, Thompson & Wilson, by Kenneth J. Wilson, Oklahoma City, for plaintiffs in error.

Roy H. Semtner, Municipal Counselor, James R. Fuson, Asst. Municipal Counselor, Oklahoma City, for defendant in error.

McINERNEY, Justice:

The ultimate question here is whether a county, through the creation of a public trust, is authorized to construct a toll urban expressway, which is a turnpike. We hold that the Oklahoma Turnpike Authority is the sole body corporate and politic authorized by law to construct a turnpike.

The judgment of the District Court, as modified, is affirmed.

The Board of Commissioners of Oklahoma County created a public trust, 60 O. S.1961, §§ 176–180, to construct a toll urban expressway, or turnpike, within Oklahoma County, with the individual members of the Board, or their successors, as the trustees. The route proposed would extend through Oklahoma City, but this fact is only incidental to our conclusion. The City challenged the legal capacity of the Board to create the trust indenture, and to enter into the contract, for the purpose contemplated.

Public roads in Oklahoma, for use without fee or toll, are constructed by the State Highway Commission, the Board of County Commissioners of a county, and the governing bodies of municipalities. The county highway system is the responsibility of the counties. A toll urban expressway is a turnpike, and a turnpike is not a public road within the county highway system authorized by statute.

Each county in this state is a body politic and corporate, Art. XVII, § 1, Oklahoma Const., and has only such authority as is granted by statute. Johnston v. Conner, 205 Okl. 233, 236 P.2d 987 (1951); Herndon v. Anderson, 165 Okl. 104, 25 P. 2d 326 (1933). A county is not granted the statutory authority to construct a turnpike; the Oklahoma Turnpike Authority is expressly "authorized and empowered to construct, maintain, repair, and operate turnpike projects." 69 O.S.Supp.1968, § 1701 (formerly 69 O.S.Supp.1965, § 651).

The Board contends that since the county is granted the authority to construct public roads, it may exercise this power through a public trust pursuant to 60 O.S. 1961, §§ 176–180. This is a non sequitur. The difference between a public road and a turnpike is apparent. If such reasoning were valid, a school district, through public trust financing, would be authorized to construct a school building by public trust indenture and the trustees to charge the

students tuition to retire the construction cost. There is no merit to this contention.

The Board further contends that an appropriate statutory grant is found by implication in 69 O.S.Supp.1968, § 1733 (formerly 69 O.S.Supp.1965, § 686), which provides:

"No turnpikes or State highways *except toll urban expressways* shall ever be constructed or financed under the terms of 60 O.S.1961, Sections 176–180, inclusive." (emphasis supplied)

Section 1733 is contained in the chapter establishing the Oklahoma Turnpike Authority, 69 O.S.Supp.1968, § 1701 et seq. (formerly 69 O.S.Supp.1965, § 651 et seq.). The section has no application to counties; the section applies only to the Oklahoma Turnpike Authority. Section 1733 is not a grant of power to construct toll roads; it is a limitation of the power. The section is a part of the entire Turnpike Act and, therefore, has no application to the county highway system. A turnpike is a state highway. Henry v. Oklahoma Turnpike Authority, Okl., 478 P.2d 898 (1970). The Legislature has specifically authorized an Oklahoma City toll expressway to be constructed by the Oklahoma Turnpike Authority. 69 O.S.Supp.1968, § 1705(e) (9). Whether the Turnpike Authority could utilize § 1733, supra, to construct a toll urban expressway under the terms of 60 O.S.1961, §§ 176–180, is not an issue presented in this case.

Disposition of the central issue renders unnecessary extended discussion of the individual propositions. A state highway which may be used by vehicular traffic only upon the payment of a fee or a toll is a turnpike. Black's Law Dictionary, Fourth Edition (1951). The proposed turnpike will still not become a county road. Boards of County Commissioners derive their powers and authority wholly from the statutes, and acts performed by them must be done pursuant to authority granted by valid legislative action. Tulsa Exposition & Fair Corp. v. Board of Commissioners, Okl., 468 P.2d 501, 507–508

(1970); State ex rel. Tharel v. Board of Commissioners of Creek County, 188 Okl. 184, 107 P.2d 542 (1940). There is no valid legislative action granting the power and authority to a Board of County Commissioners to build a turnpike.

The trial court determined that the proposed toll road could not be constructed without the consent of the City Council of the City of Oklahoma City. In our opinion the only authority that has the power to build any toll road is the Oklahoma Turnpike Authority. Therefore, the judgment of the trial court is modified, and as modified, the judgment is affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN and HODGES, JJ. concur.

LAVENDER, J., dissents.

LAVENDER, Justice (dissenting):

As I understand the majority opinion, the effect of it is to hold that an express trust as authorized by 60 O.S.1961 §§ 176 through 180, with a county as the beneficiary thereof, cannot validly be created for the purpose of constructing a toll road within such county because there is no specific statute of this state which authorizes counties to construct toll roads.

In Board of County Commissioners of Oklahoma County et al. v. Warram et al. (1955), Okl., 285 P.2d 1034, this court construed 60 O.S.1961 § 176, supra, as authority for the creation of express trusts with a county as the beneficiary for "any authorized or proper function of the said beneficiary," to quote the statute, and said those words mean any purpose which said beneficiary might properly be authorized by law to perform. In other words, the fact that the beneficiary had not been expressly authorized to perform the particular function was held to be immaterial in the cited case.

While it is true, as said in the majority opinion, that the Legislature has expressly given the Oklahoma Turnpike Authority limited power to construct toll roads within

the state and has not heretofore expressly authorized any county to construct such roads, I know of no constitutional reason why the Legislature could not authorize each county in the state—or each county within a valid classification—to construct such toll roads within the limits of the county.

I am of the view that an express trust with a county as the beneficiary thereof may validly be created under the provisions of 60 O.S.1961 §§ 176 through 180 for the purpose of constructing, operating, and maintaining a toll road or roads within the county and providing funds for the furtherance thereof. I therefore respectfully dissent to those portions of the majority opinion which have the effect of holding to the contrary.

The above view leaves unanswered, of course, the issue presented here of whether the trustees of such a trust may validly construct a toll road within the limits of a city or town without the consent of the governing body of such city or town. The majority opinion does not deal with this question and neither do I in this dissenting opinion.